UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ANJELU SAJETTA

1:25-CV-2574 (JAV)

ORDER OF SERVICE

JEANNETTE A. VARGAS, United States District Judge:

Anjelu Sajetta, who is currently held in the West Facility, a jail operated by the New York City Department of Correction ("DOC") on Rikers Island, appears *pro se*, asserting what the Court understands as claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law. Sajetta initiated this action by filing a letter with the court, which the Court construes as the complaint for this civil action. Sajetta's letter pleading does not, however, name any defendants.

By order dated April 30, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court adds, under Rule 21 of the Federal Rules of Civil Procedure, the City of New York and "'John Doe' West Facility mailroom personnel members" as defendants in this action. The Court requests that the City of New York waive service of a summons. The Court also directs the Corporation Counsel of the City of New York to provide Sajetta and the Court with the full identities of the unidentified "John Doe" defendants and, if appropriate, their badge numbers.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

A.    **Adding the City of New York and "John Doe' West Facility mailroom personnel members" as defendants**

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 1:19-CV-5009 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019). A court may also add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so. *See Fullewellen v. City of New York*, No. 1:21-CV-7219 (MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

As mentioned above, Sajetta does not name any defendants. Liberally construing his letter pleading, however, it appears that he alleges that West Facility mailroom personnel have been withholding incoming mail – both legal and non-legal mail – from that jail's prisoners, including him, and are doing so due to a policy, custom, or practice of the DOC. (ECF 1, at 1.) Thus, it seems that Sajetta intended to name the City of New York and individual West Facility

mailroom personnel as defendants in this action. In light of Sajetta's *pro se* status and his allegations, the Court understands his letter pleading as asserting claims against the City of New York and unidentified West Facility mailroom personnel. Accordingly, the Court directs the Clerk of Court to add as defendants in this action, under Rule 21, the City of New York and "'John Doe' West Facility mailroom personnel members" as defendants in this action. This amendment is without prejudice to any defenses these defendants may wish to assert.

**B.    Request for the City of New York to waive service of a summonses**

The Court directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of a summons.

**C.    Identifying the unidentified "'John Doe' West Facility mailroom personnel members"**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court with respect to learning the full identity and badge number of an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the unidentified "'John Doe' West Facility mailroom personnel members." They are those members of the West Facility mailroom personnel who have withheld mail from Sajetta while he has been held in that facility. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, must ascertain the full identities

and, if appropriate, badge numbers of the unidentified "John Doe" defendants, and provide that information to Plaintiff and the Court within 60 days of the date of this order.[2]

Within 30 days of receiving this information, Sajetta must file an amended complaint naming the newly identified individuals as defendants and, if appropriate, providing their badge numbers. The amended complaint will replace, not supplement, Sajetta's original complaint. An amended complaint form that Sajetta should complete is attached to this order. Once Sajetta has filed an amended complaint, the Court will screen it and, if necessary, issue an order requesting that the newly identified and named defendants waive service of summonses.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Sajetta.

The Court also directs the Clerk of Court to add as defendants in this action, under Rule 21 of the Federal Rules of Civil Procedure, the City of New York and "'John Doe' West Facility Mailroom Personnel."

The Court further directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of a summons.

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the complaint (ECF 1) to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

---

[2] If any of the unidentified "John Doe" defendants discussed in this order is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If any of the unidentified "John Doe" defendants discussed in this order are not current or former DOC employees or officials, but otherwise work or worked at a DOC facility, the Corporation Counsel must provide a residential address where that individual may be served.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:    June 12, 2025
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                         Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____        Plaintiff's Signature _____

First Name _____    Middle Initial _____    Last Name _____

Prison Address _____

County, City _____    State _____    Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____