UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANJELO SAJETTA,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

25-CV-02574 (JAV)

ORDER GRANTING FULL SCOPE PRO BONO COUNSEL

JEANNETTE A. VARGAS, United States District Judge:

Anjelu Sajetta, who at the time he filed this suit was incarcerated in the West Facility, a jail operated by the New York City Department of Correction ("DOC") on Rikers Island, appears *pro se*, asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

For the reasons discussed below, the Court directs the Clerk of Court to seek pro bono counsel to represent Plaintiff in this case. If located, selected counsel will file a Notice of Appearance of Pro Bono Counsel.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to

represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. ECF No. 6. Plaintiff therefore qualifies as indigent.

Plaintiff alleges systemic issues in delivery of both legal and non-legal mail to inmates housed in West Facility, impairing their ability to access the courts. The Court notes that this is not the only complaint to raise such an issue. In *Alexander v. Doe*, 25-CV-4513 (JAV) (S.D.N.Y.), a Rikers inmate in West Facility similarly alleges that the City of New York engages in a practice, policy or custom of denying inmates access to legal mail. The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62.

The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application. Due to Plaintiff's incarcerated status, movement in this case has largely been stymied. Yet the issues raised by Plaintiff have serious implications both for himself and for those currently housed at West Facility at Rikers. Counsel will be necessary to investigate facts, prove the allegations through discovery, and address the complex legal issues that are likely to arise. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that the Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, plaintiff should be prepared to proceed with the case pro se.

SO ORDERED.

Dated: October 13, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge